1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

| | |
|---|---|
| VICTOR JONES,            ) | 1:11-CV-1242  AWI JLT |
|                          ) | |
| Plaintiff,   ) | |
| v.                       ) | ORDER VACATING |
|                          ) | OCTOBER 3, 2011 HEARING, |
| TW & COMPANY, INCORPORATED ) | GRANTING LEAVE TO |
| dba THE TANYA WALKER     ) | AMEND, AND DENYING |
| CORPORATION, et al.,     ) | MOTIONS TO DISMISS |
|                          ) | |
| Defendants.  ) | |
| _____ ) | (Doc. Nos. 9, 11) |

16
17
18
19
20

    Currently pending before the Court are two motions to dismiss.  Both motions are set to be heard on October 3, 2011.  For the reasons that follow, the Court will vacate the October 3, 2011, hearing.

21
22

**BACKGROUND**

23
24
25
26
27
28

    On August 3, 2011, Defendants TW & Company ("TW"), Richard Moore ("Moore"), and Tanya Walker ("Walker") filed a Rule 12(b)(6) motion to dismiss.  In that motion, the defendants argued that: (1) Plaintiff's Title VII claim against Moore and Walker should be dismissed because there is no individual liability; (2) there is no individual liability for state law wrongful termination ; and (3) Plaintiff's defamation claim is untimely.  Hearing on this motion was set for October 3, 2011.

On August 25, 2011, Defendant Mark Wood ("Wood") filed a motion to dismiss.  The arguments raised by Wood are identical to those made by TW, Moore, and Walker.  Cf. Doc. No. 9 with Doc. No. 11.  Hearing on this motion was set for October 3, 2011.

On September 6, 2011, Plaintiff filed a First Amended Complaint ("FAC") and an opposition.  See Docs. 13, 14.  The opposition explains how the FAC addresses the Defendants' motions to dismiss.  The FAC omits any state law claims for wrongful termination and defamation, removes any Title VII claims against individuals, omits Walker as a party, and brings claims only under Title VII and 42 U.S.C. § 1981.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15 governs amended pleadings.  In pertinent part, Rule 15(a) reads: "A party may amend its pleading once as a matter of course within . . ., if the pleading is one to which a response pleading is required, 21 days after service of the responsive pleading or 21 days after service of a motion under Rule 12(b) . . . ."  Fed. R. Civ. P. 15(a)(1)(B).  Thus, amendments as a matter of course may not be made as to defendants who have filed either an answer or a Rule 12(b) motion unless the amendment is made within 21 days of service of the answer or motion.  See AAA Cooper Transp. v. Wes-Pak, Inc., 2011 U.S. Dist. LEXIS 77888, *5 (M.D. Ala. July 18, 2011).  Amendments made within the time limits of Rule 15(a)(1) as a matter of course do not require leave of court.  Cf. Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000).  When a party can no longer amend a pleading as a matter of course under Rule 15(a)(1), the party must either petition the court for leave to amend or obtain written consent from the adverse parties.  Fed. R. Civ. P. 15(a)(2); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983).  Leave to amend under Rule 15(a) "shall be freely given when justice so requires," and the policy in favor of amendment is to be applied with extreme liberality.  See Fed. R. Civ. P. 15(a)(2); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Keniston, 717 F.2d at 1300.  A properly filed "amended complaint supersedes the original [complaint], the latter being treated thereafter as non-existent."  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

**RESOLUTION**

With respect to Wood's motion, the FAC is timely under Rule 15(a)(1)(B) since it was filed within 21 days of the motion to dismiss.  Cf. Williams v. Board of Regents, 477 F.3d 1282, 1291 (11th Cir. 2007).  Wood's motion now attacks a complaint that no longer applies to him.  Further, the FAC addresses the precise arguments Wood made in his Rule 12(b)(6) motion.  The FAC removes all state law claims and all Title VII claims against individuals.  Accordingly, Wood's motion to dismiss is now moot, and will be denied as such.  See Forsyth, 114 F.3d at 1474; Loux, 375 F.2d at 57.

With respect to TW, Moore, and Walker's motion, the FAC is not timely since it was filed more than 21 days after these defendants filed their motion.  Further, there is no indication that these defendants gave written consent to Plaintiff to file the FAC.  Thus, the FAC is not operable against these defendants.  Cf. AAA Cooper, 2011 U.S. Dist. LEXIS 77888 at *5; cf. also Williams, 477 F.3d at 1291.  However, the motion to dismiss by these defendants is materially identical to the motion filed by Wood.  As discussed above, the FAC directly addresses the arguments made by these defendants:  all Title VII claims against individuals have been dropped, all state law claims have been dropped, and Walker herself has been dropped.[1] With the filing of the FAC, both Plaintiff and Defendants essentially agree that the causes of action identified in the Rule 12(b)(6) motions should be dismissed.

In this situation, it makes little sense to keep the original complaint, and under the very unique facts of this case, the Court will not require additional motions.  The FAC removes the causes of action identified by the motions to dismiss.  While TW and Moore may (or may not) have a basis for arguing that the amended complaint is objectionable as part of a reply brief, Wood has no such option and would be forced to file a separate motion to dismiss, since the FAC is operable as to him.  In the interest of conserving judicial resources, limiting expenditures, and

---

[1]If an amended complaint omits or drops a defendant who was named in the original complaint, then that defendant is dismissed and no longer a part of the action.  See Harvey v. City of Fresno, 2010 U.S. Dist. LEXIS 21302, *12-*13 (E.D. Cal. March 9, 2010); Hafiz v. Indymac Fed. Bank, 2009 U.S. Dist. LEXIS 89839, *4-*5 (N.D. Cal. Sep. 13, 2009); Rasidescu v. Midland Credit Mgmt., Inc., 435 F.Supp.2d 1090, 1101 (S.D. Cal. 2006); see also Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1987).  Thus, Walker would no longer be a party in this case.

moving the case forward, the Court will simply grant Plaintiff leave to file the FAC under Rule 15(a)(2) instead of requiring additional briefing or additional motions.  With the filing of the FAC, that complaint will be the active complaint and TW, Moore, and Walker's motion to dismiss will be moot.  See Forsyth, 114 F.3d at 1474; Loux, 375 F.2d at 57.


Accordingly, IT IS HEREBY ORDERED that:

1. The October 3, 2011, hearing on Defendants' motions is VACATED;

2. Defendant Wood's motion to dismiss is DENIED as MOOT;

3. Plaintiff is GRANTED leave to file the First Amended Complaint (Doc. No. 13), and the First Amended Complaint is now the operative complaint in this case;

4. Defendant TW, Moore, and Walker's motion to dismiss is DENIED as moot;

5. Defendant Tanya Walker is DISMISSED from this case by virtue of being omitted from the First Amended Complaint; and

6. Defendants may file an answer or other responsive motion to the First Amended Complaint within twenty (20) days of service of this order.

IT IS SO ORDERED.

Dated:     September 12, 2011

CHIEF UNITED STATES DISTRICT JUDGE