UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>TW & COMPANY, INCORPORATED dba THE TANYA WALKER CORPORATION, et al.,<br><br>        Defendant. | Case No.: 1:11-cv-01242 AWI JLT<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS<br><br>(Doc. 26) |

On May 18, 2012, the law firm of Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball ("KDG") filed a motion to withdraw as counsel for Defendants TW & Company, Inc. ("TW"), Richard Moore, and Mark Wood (collectively, "Defendants"). (Doc. 25-1). KDG contends that TW has breached its obligation to pay counsel its expenses/fees. As a result, Counsel seeks to withdraw from the representation of TW. For the reasons discussed below, the motion to withdraw is **GRANTED**.

   **I.    Factual and Procedural History**

Plaintiff Victor Jones initially filed this action against TW on May 31, 2011 in the Kern County Superior Court. (Doc. 3). TW removed the matter to this Court on July 27, 2011. (Doc. 2). TW hired its longtime counsel, the law firm of Pargament & Hallowell, PLLC ("Pargament"), and authorized representation by KDG as local counsel. (Doc. 26-1 at 2). Defendants filed their answer

1

on September 15, 2010.  (Doc. 5).

On April 18, 2012, TW filed a petition for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Maryland.[1]  (Doc. 26-1 at 2; see also In re TW & Co., Inc., Case No. 12-17363 (Bankr. D. Md. 2012)).  KDG contends that TW's inability to pay a substantial amount of expenses incurred, along with the likely liquidation of TW through the bankruptcy proceedings, makes it likely that TW will not be able to pay future expenses in breach of its obligation to pay KDG to continue to represent Defendants Moore and Wood, former employees of TW.  (Doc. 26-1 at 2-3).

On June 18, 2012, counsel filed the notice of filing bankruptcy. (Doc. 27)

## II. Legal Standard

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California.  See LR 182.  The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry out employment effectively."  Cal. R.P.C. 3-700(C)(1)(d).  Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

Id.

Likewise, California's Rules of Court require the notice of motion and declaration to be served on the client and other parties who have appeared in the case. CRC 3.1362(d).   The decision to grant withdrawal is within the discretion of the Court, and leave "may be granted subject to such appropriate conditions as the Court deems fit."  LR 182; see also Canandaigua Wine Co., Inc. v. Moldauer, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court").  Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by

---

[1] Because a notice of filing bankruptcy was filed on June 18, 2012 (Doc. 27), herewith, the Court issues an order staying the matter.

withdrawal. Canandaigua Wine Co., 2009 U.S. Dist. LEXIS 4238, at *4.

### III. Discussion and Analysis

KDG contends that they are unable to continue their representation of Defendants because Defendants are unable to pay counsel's fees and expenses in this action and will likely liquidate the assets of TW during the bankruptcy. (Doc. 26-1 at 2). The Declaration of Jeffrey Noe of KDG states that he discussed KDG's intent to withdraw with Defendants Wood and Moore on May 7, 2012 and neither objected to KDG's decision to move to withdraw from the case. (Doc. 26-2 at 2). KDG sent Defendants Wood and Moore confirming letters on May 16, 2012 and has served notice of the motion to withdraw upon all Defendants via certified mail. (Doc. 26 at 4). KDG has also provided the last known address for Defendants Wood and Moore, as required by LR 182. (Doc. 26-2 at 3). Although KDG has not provided the last known address of Defendant TW in its declaration, the Court finds the address on the proof of service and the address provided by Pargament in its motion (Doc. 25-2 at 3) to be sufficient.

The Court has not received any objection to KDG's motion to withdraw. Moreover, given the stay imposed by the filing of the bankruptcy action, it does not appear harm would be caused to the administration of justice or that delay to the resolution of the action will be caused by counsel's withdrawal.

### IV. Conclusion and Order

KDG substantially complied with the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw its representation of Defendants TW & COMPANY, INC., RICHARD MOORE, AND MARK WOOD, and set forth sufficient reasons for the withdrawal. The Court is therefore acting within its discretion to grant the motion to withdraw. See LR 182.

Accordingly, the Court **ORDERS**:

1. The motion to withdraw is **GRANTED**;
2. The Clerk's Office SHALL TERMINATE Jeffrey W. Noe, with the law firm of Klein DeNatale, as "Attorneys to be Noticed" for Defendants TW & COMPANY, INC., RICHARD MOORE, AND MARK WOOD in the Court docket and update the docket

to reflect Defendants' last known contact information as follows:

| RICHARD MOORE | MARK WOOD | TW & COMPANY, INC. |
|---|---|---|
| 9149 Lime Ave. | 8448 Underwood Ave. | ATTN: Tanya Walker |
| California City, CA 93505 | California City, CA 93505 | 4355 Nicole Dr. |
| | | Lanham, MD 20706 |

3. Replacement counsel for Defendants RICHARD MOORE, AND MARK WOOD, if any, SHALL enter an appearance in this matter within 21 days of any order lifting the stay of the action;

4. Replacement counsel for Defendant, TW & COMPANY, INC, **SHALL** enter an appearance in this matter within 21 days of any order lifting the stay of the action. Failure to comply with this order to obtain replacement counsel within the time frame set forth above will result in sanctions, including an order striking its answer and entering default;

5. The Clerk IS DIRECTED to serve this order on each of the Defendants at the respective addresses listed above;

6. Defendants are advised that failure to comply with the Local Rules, Federal Rules, or a Court order, may result in sanctions pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **June 19, 2012**              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

4