1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   THE BANK OF NEW YORK MELLON,          )   Case No.: 1:11-cv-01242 LJO JLT
                                           )
12                 Plaintiff,              )   ORDER REMANDING THE MATTER FOR
                                           )   FAILURE TO COMPLY WITH COURT ORDERS
13          v.                             )
                                           )   (Doc. 4, 5)
14   KELLERMAN, et al.,                    )
                   Defendant.              )
15                                         )
                                           )
16   _____  )

17          On June 19, 2012, Defendant Alan Kellerman filed a notice of removal of the case from Kern

18   County Superior Court with this Court. Because Plaintiff did not filed a motion seeking leave to

19   proceed in forma pauperis or pay the $350.00 filing fee in full when he removed the matter, this Court

20   issued an order requiring him to do so.  (Doc. 4).  When Defendant failed to respond to the Court's

21   June 21, 2012 order, the Court issued an order to show cause why the matter should not be dismissed

22   for failing to comply with the Court's orders.  (Doc. 5).  Plaintiff has failed to respond to the Court's

23   order to show cause and has not filed a motion seeking leave to proceed in forma pauperis or paid the

24   $350.00 filing fee in full as previously ordered.  Defendant has likewise failed to submit a copy of the

25   complaint.  For these reasons, the Court **ORDERS** the matter remanded to the Kern County Superior

26   Court.

27   /////

28   /////

                                            1

## I.   Legal Standards

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  Here, the question presented is not whether to dismiss the matter but, merely, whether to remand it to the Kern County Superior Court.

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of remand.  The court cannot hold this case in abeyance indefinitely based on Defendant's failure to pay the filing fees or request to proceed in forma pauperis.  Moreover, the Court is unable to determine whether subject matter jurisdiction even exists because Defendant has failed to file a copy of the complaint with the Court.  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  However, because remand does not militate against disposition on the merits, this factor does not caution against remand.  Indeed, remand poses a greater likelihood that the matter will be determined more quickly.  Finally, given the Court's inability to communicate with Defendant, no lesser sanction is feasible.

**II.     ORDER**

Accordingly, the Court **ORDERS** this action be **REMANDED** to the Kern Court Superior Court for Plaintiff's failure to comply with the Court's orders.

IT IS SO ORDERED.

Dated:   __August 21, 2012__                      _____/s/ Jennifer L. Thurston__
                                                                    UNITED STATES MAGISTRATE JUDGE

3