1

2

3

4                          UNITED STATES DISTRICT COURT

5                          EASTERN DISTRICT OF CALIFORNIA

6

7   VICTOR JONES,                          CASE NO. 1:11-cv-01242-AWI-JLT

8                  Plaintiff              ORDER STRIKING AUGUST 22, 2012
                                          ORDER TO REMAND AND
9          v.                             DIRECTING THE CLERK OF THE
                                          COURT TO REOPEN THIS ACTION
10  TW & COMPANY, INCORPORATED,           (Doc. No. 33)
    DBA IN CALIFORNIA AS THE TANYA
11  A. WALKER CORPORATION;                ORDER GRANTING PLAINTIFF'S
    RICHARD MOORE, and individual;        MOTION TO DISMISS DEFENDANT
12  MARK WOOK, and individual; DOES 1     TW & COMPANY, INCORPORATED
    through 25,                           (Doc. No. 35)
13
                   Defendants.
14

15

16      _Background_

17          On June 18, 2012, Defendant TW & Company filed for bankruptcy.

18          On June 20, 2012, the Court stayed this action in light of the bankruptcy of a Defendant.

19          On August 22, 2012, an order remanding a completely different action was inadvertently

20  filed in this case.  See Doc. No. 33.  The remanded order was in a case styled *Bank of New York*

21  *Mellon v. Kellerman*.  See id.  The case number for the case at bar was mistakenly used on the

22  *Kellerman* remand order.  See id.

23          On August 23, 2012, the Clerk of the Court entered a minute order of docket correction,

24  which stated that the remand order should be disregard because the wrong case number was listed.

25  See Doc. No. 34.   However, the Clerk of the Court did not formally re-open the case.

26          On November 11, 2013, Plaintiff filed a motion to reopen the case and dismiss Defendant

27  TW & Company under Rule 41(a)(2).  See Doc. No. 36.  Plaintiff explains that, due to the

28  bankruptcy stay, the best option is to dismiss TW & Company and proceed against the individual

1  defendants.  See id.  No defendant filed an opposition to this motion, and it was taken under

2  submission on December 13, 2013.

3      *Legal Standards*

4      Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all

5  of their claims against some or all defendants."  Romoland Sch. Dist. v. Inland Empire Energy

6  Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008).  Where a defendant has served an answer or a

7  motion for summary judgment but has not signed a stipulation to dismiss, a plaintiff's voluntary

8  dismissal must be effected through Rule of Civil Procedure 41(a)(2).  See Fed. R. Civ. Pro. 41(a);

9  Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1999).  Rule 41(a)(2) provides in pertinent

10  part:  "Except as provided in [Rule 41(a)(1)], an action shall not be dismissed at the plaintiff's

11  instance save upon order of the court and upon such terms and conditions as the court deems

12  proper. . . .  Unless otherwise specified in the order, a dismissal under this paragraph is without

13  prejudice."  Fed. R. Civ. Pro. 41(a)(2); Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2003).  "A

14  district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant

15  can show that it will suffer some plain legal prejudice as a result."  WPP Lux. Gamma Three Sarl

16  v. Spot Runner, Inc., 655 F.3d 1039, 1058 n.6 (9th Cir. 2011).

17      *Discussion*

18      With respect to Plaintiff's request to re-open, the request is proper and well founded.  This

19  case was inadvertently closed due to a mistaken remand in an unrelated case.  It seems that the

20  Clerk's order of docket correction should have re-opened proceedings, but for some reason it did

21  not.  The Court will order the Clerk's office to formally reopen this matter and formally strike the

22  erroneous remand order.

23      With respect to dismissal of the bankrupt defendant T.W. and Company, courts have

24  recognized that a dismissal of bankrupt defendant will not violate the 11 U.S.C. § 362 automatic

25  bankruptcy stay if the dismissal is consistent with the bankruptcy stay.  See O'Donnell v. Vencor,

26  Inc., 466 F.3d 1104, 1110 (9t h Cir. 2006); Dean v. Trans World Airlines, Inc., 72 F.3d 754, 755

27  (9th Cir. 1995); Miller v. Media Servs. Acquisition Corp., 2011 U.S. Dist. LEXIS 60272, *3

28  (W.D. Wash. June 6, 2011); Banta v. Medical Staffing Network, 2010 U.S. Dist. LEXIS 92348,

*2-*4 (W.D. Wash. Aug. 17, 2010). Dismissals under Rule 41(a)(2) have been granted despite a bankruptcy stay. See Wells Fargo Bank, N.A. v. Greenstreet Props., LLC, 2013 U.S. Dist. LEXIS 85318 (D. Ariz. June 17, 2013); Miller, 2011 U.S. Dist. LEXIS 60272 at *3-*4; Banta, 2010 U.S. Dist. LEXIS 92348 at *2-*4. In accord with these cases, the bankruptcy stay would not prevent dismissal of T.W. & Company. See id.

Otherwise, in the absence of an opposition by any defendant, the Court sees no reason not to grant Plaintiff's requested dismissal under Rule 41(a)(2). WPP Lux., 655 F.3d at 1058 n.6. T.W. & Company will be dismissed under Rule 41(a)(2).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion to reopen is GRANTED;

2.   The Clerk shall change the status of this case to RE-OPENED;

3.   Doc. No. 33 is STRICKEN from the docket as having been filed in error;

4.   Plaintiff's Rule 41(a)(2) motion to dismiss defendant T.W. & Company is GRANTED; and

5.   Defendant T.W. & Company is DISMISSED from this case.

IT IS SO ORDERED.

Dated:   January 23, 2015   _____

SENIOR  DISTRICT  JUDGE